[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a probate bond. The parties are as follows:
* Plaintiff Densel Johnson, a brother and beneficiary under the Will of Joslyn Johnson, deceased.
* Plaintiff Robert A. Platt, administrator d.b.n., c.t.a. of the estate of Joslyn Johnson. Platt was joined as a necessary party by motion of plaintiff Densel Johnson.
* Plaintiff John A. Wall, as guardian of Vanessa Johnson (a minor niece of Joslyn Johnson, and beneficiary under his Will.) CT Page 1401-Y Wall was joined as a necessary party plaintiff by motion of plaintiff Densel Johnson.
* Defendants are George F. Murray, executor under the Will of Joslyn Johnson, and Aetna Casualty Surety Co., as surety.
The court notes that Clova Johnson moved to intervene in this case. However, she did not file a separate complaint and the defendants thus did not file answers. The matter was dismissed as to her.
Densel Johnson in his complaint alleges that on November 28, 1988 George Murray was appointed executor of the estate of Joslyn Johnson and Aetna Casualty Surety Co. was appointed as surety. He further alleges that defendant Murray breached his fiduciary duties as executor of said estate in a number of ways.
First, he claims that defendant Murray breached his fiduciary duty:
(a) By failing to sequester the proceeds from the sale of the property at 23-25 Manchester Street in Hartford, which piece of property was specifically devised to Densel Johnson and Vanessa Johnson;
(b) By paying $90,000 to the decedent's wife based upon a dissolution agreement as a claim against the estate without the specific permission of the probate court and apparently out of the sale proceeds of the specifically devised real estate;
(c) By advising the plaintiff Densel Johnson to sign the consent to sell the said specifically devised property;
In this regard the court finds the following:
The decedent, Joslyn Johnson and Jessie Mae Johnson were married in 1954. Joslyn brought a dissolution action on June 16, 1987. On July 29, 1988 Joslyn Johnson and Jessie Mae Johnson executed a Separation Agreement. The separation agreement stated that property owned by Joslyn Johnson at 23-25 Manchester Street, Hartford would be sold and that Jessie Mae Johnson would receive $90,000 from the proceeds. The separation agreement also specified that if Joslyn were to die CT Page 1401-Z before the sale, $90,000 would be paid to Jessie Mae. On October 3, 1988 Joslyn signed a sales agreement wherein he agreed to sell the Manchester Street property to Beverly Boyle and Roosevelt Campbell for $190,000. On October 27, 1988 Joslyn Johnson died. George Murray was appointed executor of his estate under the terms of his Will. On November 4, 1988 Murray applied to the Probate Court to sell said real estate for $190,000. Permission was granted. Also on November 14, 1988 Jessie Mae Johnson made a claim against the estate for $90,000. The property was subsequently sold, and Jessie Johnson was paid $90,000 by defendant Murray.
The plaintiff claims that Murray breached his fiduciary duty by paying the $90,000 to decedent's wife out of the proceeds of the sale. He claims that the Manchester Street property was specifically devised to him and Vanessa Johnson in the Third Article of decedent Joslyn Johnson's Will. The Will had been executed on December 18, 1987 approximately six months prior to the execution of the separation agreement.
The court finds that said defendant did not breach his fiduciary duty by selling the property and paying to decedent's wife $90,000 from the proceeds of the sale. There were insufficient funds in the estate to pay the $90,000 without selling the property. Clearly, Joslyn Johnson had himself contracted to sell the property and to pay the sum of $90,000 to his wife from the proceeds. The $90,000 claim of the decedent's wife was properly presented against the estate and was clearly a valid obligation. Furthermore, the Will itself specifically states as follows: "FIRST I direct my executor to pay my funeral expenses and just debts . . ." This claim for $90,000 was a "just debt" in light of the terms of the separation agreement.
Plaintiff claims that the defendant failed to sequester the proceeds from the sale of said property after it was sold. The property was sold on March 15, 1989. The net proceeds from the sale was $130,330.31. The defendant deposited the proceeds into an interest-bearing account on June 5, 1989, 82 days later. The interest lost during that period was $1,692.00, which should be returned to the estate.
Plaintiff claims that defendant Murray breached his fiduciary duty by advising Plaintiff Densel Johnson to sign the consent to sell the Manchester Street property. Plaintiff CT Page 1401-AA did indeed sign a waiver so that the property could be sold. He failed to prove, however, that said defendant "advised" him to sign the waiver. The evidence at trial indicated that the plaintiff knew there were not sufficient funds in the estate to pay the decedent's debts unless the property could be sold. He therefore voluntarily signed the waiver, and the probate court approved the sale.
Second, plaintiff claims that defendant breached his fiduciary duty:
(d) By failing to pay the S-1 Succession Tax in a timely fashion to the State of Connecticut, thereby incurring additional expense against the estate;
The court finds that defendant Murray did not breach his fiduciary duty in this regard.
For several months he was in the process of negotiating with the state in regard to the amount of tax which he felt should be due. By negotiation with the state over a protracted period of time he was able to reduce the amount of tax which the state originally claimed was due. As a consequence, he in fact saved the estate money.
Third, plaintiff claims that defendant Murray breached his fiduciary duty:
(e) By payment and exoneration of a certain mortgage on property at 1050 Palisado Avenue, Windsor, Connecticut, belonging to a Clova Brown by rights of survivorship from the decedent, when such mortgage was attached to the said property and not an obligation to the estate. He claims that said payment was in express violation of Article First of the decedent's Will.
The court finds that defendant Murray did not breach his fiduciary duty in this regard.
On and before April 14, 1986 Joslyn Johnson was the sole owner of real estate located at 1050 Palisado Avenue, Windsor, Connecticut. On said date he borrowed money from and signed a promissory note and open-end mortgage deed in favor of the Connecticut National Bank (CNB). The eighth paragraph of the CT Page 1401-BB mortgage deed provided: "The indebtedness shall become due and payable forthwith at the option of Grantee if Grantors convey away said premises or if the title thereto becomes vested in any other person or persons in any manner whatsoever . . ." On August 1, 1988 Joslyn Johnson conveyed said property to himself and Clova Johnson by quit-claim deed in survivorship. This was recorded on the land records on August 15, 1988. Thus the indebtedness became due and payable forthwith at the option of CNB. Approximately two months later Joslyn Johnson died on October 27, 1988, and CNB exercised its option to declare the indebtedness due and payable. It made a claim against Joslyn Johnson's estate for the indebtedness then due in the amount of $20,908.49. The court holds that the bank, as a creditor, had a right to demand payment from the executor.
Plaintiff claims that the mortgage "was attached to the said property" and not an obligation to the estate." To succeed in this claim it has to be the contention of the plaintiff that Article First of the decedent's will deprived CNB of its rights to accelerate and demand payment upon the change in ownership from decedent to Clova Brown and himself. Surely, a Will cannot serve to deprive a contracting party of his existing rights under a contract signed by a decedent in his lifetime.
Plaintiff claims that General Statutes § 45-266 formerly General Statutes § 45-175a, clearly mandates that encumbrances on property of the decedent are not chargeable against assets of the decedent's estate. That statute provides: "(a) Where any property, subject to any lien, security interest or other charge at the time of the decedent's death, is specifically disposed of by will, passes to a distributee, or passes to a joint tenant under a right of survivorship . . . the fiduciary, as defined in section 45a-353, is not responsible for the satisfaction of such encumbrance out of the assets of the decedent's estate, unless, in the case of a will, the testator has expressly or by necessary implication indicated otherwise. A general provision in the will for the payment of debts is not such an indication."
The court notes that the original § 45-175a, which was in existence at the time of Joslyn Johnson's death, provided as follows: "Unless a contrary intent is clearly indicated in CT Page 1401-CC the will or codicil, a beneficiary of a devise of real property which is subject to a mortgage existing at the date of the testator's death shall not be entitled to exoneration of the mortgage from the estate. A general directive in the will or codicil to pay the debts of the testator shall not be a clear indication of a contrary intent." Clearly, § 45-175a addressed only devises of real property by will. It did not address property passing to a joint tenancy under right of survivorship.
The original § 45-175a was transferred to § 45-266 in the General Statutes Revised to 1991. Not until 1993 for the first time did Public Act 93-67 in subsection (a) include property passing to a joint tenant under a right of survivorship. The plaintiff thus seeks to charge the defendant executor for violation of a statutory duty which did not exist at the time the claim was presented nor at the time the claim was paid.
Plaintiff attempts to read Goldstein v. Ancell, 158 Conn. 225
(1969) as being valid precedent only as to a surviving spouse. That interpretation is too narrow. Since there was no personal liability on the part of the surviving tenant on the note, and the entire personal liability was that of the decedent, his estate should have exonerated in full the property involved. Goldstein at page 231.
In summary, the court finds that CNB as creditor had every right to be paid in accordance with the contractual agreement which the decedent had signed in 1986.
Fourth: Plaintiff claims that Murray breached his fiduciary duty:
(f) By failing to determine with due diligence the status and valuation of certain real property located at Welcome, St. Ann, Jamaica and the marketability of said property. This issue was not raised at trial and is thus considered abandoned.
In summary the court finds under section (a) of the first claim set forth above that defendant Murray failed to sequester the proceeds from the sale of 23-25 Manchester Street, Hartford, in a timely fashion. Said delay caused a loss of interest in the amount of $1,692.00. The court CT Page 1401-DD further finds that the probate bond filed by Aetna was in effect when said property was sold and the proceeds deposited.
Plaintiff has failed to prove that defendant Murray breached his fiduciary duty in any other respect.
Accordingly, judgment may enter against George F. Murray and Aetna Casualty Surety Co. as surety in the amount of $1,692.00, said funds to be returned to the estate of Joslyn Johnson.
Frances Allen State Judge Referee